PONDER, Justice.
 

 This is an appeal from a judgment of the lower court decreeing a certain ordinance of the City of New Orleans null and void and permanently enjoining the mayor and commission council from attempting to enforce the annulled ordinance.
 

 The City of New Orleans adopted a comprehensive zoning law on June 1, 1929 which has been amended from time to time. On June 14, 1944 the City published a handbook on its comprehensive zoning law, revised to include all amendments up to that date. This comprehensive zoning law is in reality ordinance No. 11,302, Commission Council Series, as amended. The plaintiff, Louis De Latour, is the owner of twenty-four lots of ground in square 49A in the City of New Orleans. Under the comprehensive zoning law, this property was placed in the zoning category as “A” residential property. On May 3, 1946 the commission council of the City of New Orleans adopted ordinance 16,480, C.C.S., amending the comprehensive zoning law by changing the zoning classification of the plaintiff’s property from “A” residential to “E” commercial. This ordinance changing the classification of plaintiff’s property was
 
 *295
 
 adopted in compliance with the provisions of the comprehensive zoning law. The comprehensive zoning law provides a procedure fot the amendments of its provisions and that such amendments can be made only upon the observance of such procedure. The methods of amendments of the zoning law is set forth in section 27. An amendment or change may be initiated by the Commission Council or by a property owner. An amendment or proposed change in the zoning law, after properly presented, must be advertised and posted in a certain manner for thirty days. After these steps are taken, the city planning and zoning commission holds a public hearing in order that parties at interest and citizens shall have an opportunity to be fully heard. After holding the hearing, it is the duty of the planning and zoning commission to forward its recommendation 'on su'ch proposed changes to the commission council. No amendment or change, whether the proposal be initiated by the commission council or on the petition of property owner or owners, can become effective unless and until a public hearing is held before the planning and zoning commission and such further hearing as may be granted by the commission council. A final Yea and Nay vote must be taken on the proposed amendment within ninety days from the introduction of the ordinance. After the ninety day period has elapsed, whether the amendment was voted on by the commission council or not, it shall be considered by the commission council as a closed case and no rehearing will be heard on the subject matter until the expiration of two years. Whenever the commission council has finally acted upon a proposed amendment to the zoning law or taken no action within the ninety day period, or when the petition or ordinance has been advertised for public hearing, but subsequently withdrawn, the commission council cannot consider any further petition or introduce any ordinance; proposing a change of the zoning law with respect to the property involved therein within a period of two calendar years from the date of the commission council’s final legal action on the petition or ordinance or from the expiration of ninety days in case no action has been taken.
 

 On May 17, 1946, the commission council adopted ordinance No. 16,496, C.C.S., repealing ordinance 16,480, C.C.S. This latter ordinance was adopted without complying with any of the procedure set forth in the comprehensive zoning law required for a change or amendment of it. It appears that ordinance 16,480, C.C.S., was adopted by an outgoing commission council and ordinance No. 16,496, C.C.S., was adopted by a new and incoming commission council. The plaintiff brought this suit against the city officials seeking the annulment of the latter ordinance, ordinance No. 16,496, C.C.S., and to enjoin them from enforcing it. The lower court gave judgment annulling the ordinance and permanently enjoined its enforcement. The city officials and a number of organizations and prop
 
 *297
 
 erty owners, who intervened in the suit, have appealed.
 

 The appellants contend that ordinance No. 16,496, C.C.S., the repealing ordinance, was legally adopted after all the required procedure had been complied with. They are of the impression that the commission council had authority to change its action within the ninety day period. On the other hand, the appellee contends that, after the commission council had adopted ordinance 16,480, C.C.S., changing the zoning classification of his property, by a Yea and Nay vote, it constituted final action on part of the commission council which could not be reconsidered until the two year period had elapsed.
 

 From a mere reading of Section 27 of the comprehensive zoning law, it is apparent that the adoption of an ordinance changing or amending thé zoning law by a Yea and Nay vote constitutes final action on the part of the commission council and under the provisions of this section it cannot be reviewed or changed by the commission within the two year period and then only after a compliance with the procedure required for the change or amendment of the zoning law.
 

 The appellants contend that the requirements set forth in the comprehensive zoning law for its amendment are not binding on any subsequent commission council and that the city has authority to zone the property under the provisions of Act 27 of 1918 and Act 240 of 1926. It is argued that the City of New Orleans has the right under its police power to classify any property in the city as the discretion of the commission council may deem proper. On the other hand, the appellee contends that the adoption of the repealing ordinance without complying with .the procedure required by the comprehensive zoning law is arbitrary, discriminatory and unreasonable and denies him due process and equal protection in violation of the Federal and State Constitutions. U.S.Const.Amend. 14; Const.1921, 'art. 1, § 2. He takes the position that any change in the zoning status of his property without giving him the notice and hearing granted other property owners is violative of his constitutional rights.
 

 Conceding that the city had authority under the acts of Legislature relied on and by the exercise of its police power to adopt the repealing ordinance, an unreasonable and arbitrary action on the part of the commission council in adopting the repealing ordinance without granting the appellee the notice and hearing granted others in like situations would be violative of appellee’s constitutional rights. The appellee cannot be singled out and dealt with in a manner different from that afforded others in like situations. Moreover, there is nothing in the ordinance to indicate any intention on the part of the commission council to repeal the provisions of the zoning law relative to the procedure required for the adoption of an amendment. The commission council were evidently under the im
 
 *299
 
 pression that they had the right to change their action within the ninety day period and their counsel has so argued. Other grounds urged to support the ordinance appear to be afterthoughts.
 

 For the reasons assigned, the judgment of the lower court is affirmed at appellants’’ tost.
 

 O’NIELL, C. J., absent.