21330. NEWMAN *et al.* v. SMITH *et al.*

ARGUED SEPTEMBER 13, 1961—DECIDED NOVEMBER 21, 1961.

*James A. Mackay,* for plaintiffs in error.

*Dan MacDougald, W. Harvey Armistead, George P. Dillard,* contra.

GRICE, Justice. The denial of an interlocutory injunction sought by property owners, involving construction of apartment

buildings on an adjacent tract of land, is the assignment of error before this court.

William H. Newman and six others, on April 14, 1961, filed their petition in the Superior Court of DeKalb County· against M. A. Smith, Director of Inspections of DeKalb County; Warren Construction Company, Inc., builder; and Southern Investment, Inc., owner, alleging that the action of the DeKalb County Board of Roads and Revenues in rezoning a designated tract of land from a single-family residential district to a multiple-family residential district was void. The plaintiffs averred that·the board was not authorized to consider the defendant owner's application for rezoning, inasmuch as it was filed within less than 12 months from its prior application affecting the same parcel, contrary to the provisions of Article 21 of the Zoning Ordinance of DeKalb County.

The petition prayed that the court grant temporary and permanent injunctions against the erection of apartments upon a designated tract of land; that it declare illegal, null, and void, and cancel a certain building permit with reference to this property; and that it enjoin the defendant Smith from "issuing a permit to the [corporate defendants] pursuant to said purported rezoning ordinance."

In their answer, the corporate defendants denied that they initiated the second application and asserted that they were directed to file it by the board, pursuant to a valid ordinance initiating a rehearing. They also contended that plaintiffs had an adequate remedy by appeal to the Board of Adjustments and, further, that the plaintiffs were barred from injunctive relief by laches in bringing this action only after defendants had expended considerable sums of money in developing this land for construction and had made commitments involving further sums.

Upon the hearing for temporary injunction, the documentary evidence introduced included (1) a portion of the Zoning Resolution of DeKalb County; (2) the minutes of certain meetings of the DeKalb County Board of Commissioners of Roads and Revenues; (3) a use permit for 44 apartment buildings, issued by the DeKalb County Planning Commission pursuant to the board's

order rezoning the property; and (4) a later building permit for 15 buildings, issued by the defendant Smith.

The uncontradicted testimony given upon this hearing was that, previous to the filing of plaintiffs' petition, considerable work had been done in grading, road and bridge building, and sewer installation on the described tract of land at substantial cost. There was also undisputed evidence that contracts amounting to several hundred thousand dollars had been entered into for materials and construction of 15 buildings pursuant to the building permit, but that no actual construction had been done. The only reference to any construction other than the 15 buildings above referred to was the use permit, reciting 44 buildings. Testimony that no application had been made for further building permits for this land, and that the issuance of building permits would be purely ministerial after the board had granted rezoning, was given by defendant Smith.

The two acts sought to be temporarily and permanently enjoined, and hence the two considered upon the interlocutory hearing, were (1) erection of apartments upon the described property, and (2) issuance of a building permit to the defendants pursuant to the purported rezoning ordinance. A temporary injunction was denied.

■ (a) While the writ of error complaining of denial of the interlocutory relief thus sought was pending in this court, there was a suggestion of mootness. Accordingly, counsel were directed to file with this court a statement as to the present stage of construction of the apartment buildings involved upon the hearing for temporary injunction in this case, and also to show cause why the writ of error as to the judge's refusal to grant the temporary injunction should or should not be dismissed. The responses showed that the 15 buildings for which a building permit had been issued were now completed. In view of the completion of those buildings, the issue as to enjoining their construction is now moot, and this court will not decide moot questions. *Robertson v. Temple*, 207 Ga. 311 (61 SE2d 285).

(b) As to injunction against the issuance of a building permit pursuant to the purported rezoning ordinance, it is clear that this relief is not available with reference to the one already

issued. "Injunction will not be granted to restrain acts already completed." *Shurley v. Black,* 156 Ga. 683 (2a) (119 SE 618), and *Graham v. Phinizy,* 204 Ga. 638 (3) (51 SE2d 451).

■ However, the above rulings do not resolve this controversy. The use permit recites as to the use to be made of this property: "44 apt. bldgs. consisting of a total of 176 units," yet only 15 buildings have been the subject matter of a building permit and construction. Determination must, therefore, be made as to whether the plaintiffs should have been granted relief against the issuance of further building permits and further construction.

(a) In making that determination, the basic issue is the validity or invalidity of the board's action in rezoning this property.

The DeKalb County Zoning Resolution, introduced in evidence upon the interlocutory hearing, contains the following limitation: "Amendments to the zoning map [rezoning] may be proposed by the governing body of DeKalb County, the Planning Commission or by any owner of property or his authorized agent, within the area proposed for change, provided, however, that an owner of property or his authorized agent shall not initiate action for an amendment to the zoning map affecting the same parcel more often than once every twelve (12) months . . . " (Article 21, section F, item 1, of the DeKalb County Zoning Resolution, adopted under authority of Ga. L. 1956, p. 3332.)

The minutes of the board, also introduced in evidence, show that an application by the defendant owner to have this property rezoned was denied on December 22, 1959; that his attorney appeared before the board at its meetings on February 9, 1960 and February 23, 1960, seeking to have the application reconsidered; that, on the latter date, the board voted to have an application resubmitted to the Planning Commission; that an application was again presented to the board on April 26, 1960, and showed compliance with the Planning Commission's suggested changes as to the number of units and other features; and that on May 10, 1960, the application for rezoning was granted by the board.

Thus, the board's action here was contrary to the administra-

tive procedure established in the Zoning Resolution referred to above.

The governing body of a county may amend or change its own administrative procedure at any time and without notice unless a statute provides otherwise. In this instance a statute does just that. The procedure for amending or changing the Zoning Resolution is prescribed by Ga. L. 1956, p. 3332, at p. 3340. Section 10 of that act provides: "Zoning Amendments. The zoning resolution or ordinance, including the maps, may be amended from time to time; but no amendment shall become effective unless it shall have been proposed by or shall first have been submitted to the planning commission for review and recommendation. The planning commission shall have 30 days within which to submit its report . . . "

There is no indication in the record that the Zoning Resolution was thus amended. Therefore, the twelve-month limitation on reinitiation of actions for rezoning was still in effect and board action contrary to it, as here, was void.

The defendants' contention was that the second application for rezoning was initiated not by them, but by the board itself. The record, as we construe what occurred, does not support that contention. A representative of the defendant owner appeared at the February 9, February 23, and April 26 meetings of the board to urge reconsideration, and was informed that the application would have to be resubmitted. The board's later action in rezoning was based upon a reinitiation within the 12-months period and was void.

(b) Are the plaintiffs, as contended by the defendants, barred by laches? Although considerable work and money were shown to have been expended before the plaintiffs filed their petition here, it is not shown whether such work and money related only to the portion of the property on which the 15 buildings have already been completed or to the entire tract so as to include that not yet developed. Therefore, laches, predicated upon that ground, fails.

(c) Are the plaintiffs premature in their efforts to enjoin further construction? The facts here show that no building permit has been obtained for construction beyond the 15 build-

ings already completed. However, a use permit, based upon the rezoning, has been procured for 44 buildings, making the issuance of building permits a mere ministerial act, as the defendant Smith testified. Furthermore, the issuance of the extensive use permit and of the building permit for the construction completed to date clearly evidences the defendants' plan and intent to construct a total of 44 buildings.          · :

These facts carry the present case beyond mere apprehension. *Whipkey v. Turner*, 206 Ga. 410 (57 SE2d 481), is no impediment here. There, only one building was involved, no other construction even being contemplated. Furthermore, in that case a building permit had been obtained, but there was no allegation as to any overt act evidencing an intention to exercise the privileges of the permit authorizing construction of the one building envisioned there. In the case at bar, there were 44 buildings planned and authorized by the use permit already issued, and the obtaining of a building permit for, and the construction of, 15 of the total number authorized certainly evidences an intent to exercise the privileges granted by the use permit.

The plaintiffs do not have to wait until some further act occurs. "One is not required to await the infliction of the injury before seeking to prevent it by injunction." *Looper v. Georgia So. & Fla. Ry. Co.*, 213 Ga. 279, 282 (99 SE2d 101). Equitable relief will not be denied "where solid reasons are alleged and shown to justify the apprehension." *Levine v. Perry*, 204 Ga. 323 (1) (49 SE2d 820). ·          · ·

Equity will not speak from both sides of its mouth, saying from one that it is too late to stop construction on 15 buildings because they are already completed, and from the other that it is too early to seek relief from further construction because it has not commenced. Such would be out of character. To hold, under the circumstances here, that fear of further construction is mere apprehension which equity will not recognize, would be to distort equity.          ·

(d)   Should the plaintiffs be denied equitable relief because they did not effect an appeal to the Board of Adjustments, which was established by the act of 1956? Appeal to that board was not available to the plaintiffs. This court, in *Toomey v.*

*Norwood Realty Co.*, 211 Ga. 814, 818 (89 SE2d 265), a previous DeKalb County zoning case, stated: "The general rule is that the validity of a zoning resolution cannot be raised in a proceeding before a board of zoning appeals. [Citations.] Furthermore, the zoning act of 1943 does not give to the Board of Zoning Appeals authority to review the acts of the commissioner in amending the zoning resolution." The 1956 act above cited has supplanted the 1943 act in effect at the time of that decision, and what was then the Board of Zoning Appeals is now the Board of Adjustments. However, the language is applicable here because the new act also does not give the Board of Adjustments such authority.

For the foregoing reasons, the plaintiffs were entitled to injunctive relief against further building permits and further construction, and denial as to this feature was erroneous.

*Judgment reversed in part, and affirmed in part. All the Justices concur.*