J. N. BRYAN, JR., ERCELL S. WEBB AND WIFE, SARAH C. WEBB; GIL-
BERT PEEL, J. S. JENKINS, ED PARKENSON, JR., M. K. BLOUNT
AND WIFE, FLORENCE T. BLOUNT, AND ALL OTHER CITIZENS AND RESI-
DENTS OF GREENVILLE SIMILARLY SITUATED WHO WOULD JOIN IN THIS PRO-
CEEDING, PROTESTORS v. J. W. WILSON, BUILDING INSPECTOR OF THE CITY
OF GREENVILLE; THE BOARD OF ADJUSTMENT OF THE CITY OF
GREENVILLE, MORRIS BRODY AND VAN C. FLEMING, JR., RE-
SPONDENTS.

(Filed 20 March 1963.)

**1. Municipal Corporations § 25—**

A municipal board of adjustment has no authority to amend a zoning
ordinance but must enforce it as written.

**2. Municipal Corporations § 24.1—**

A municipal ordinance must be construed to ascertain and effectuate
the intention of the municipal legislative body as ascertained from the
language of the ordinance.

**3. Same—**

The doctrine of *ejusdem generis* may be applied in proper instances in
the construction of municipal ordinances, but the doctrine applies gen-
erally only to instances in which several classes of persons or things are
enumerated, followed by a provision for "other" persons or things.

**4. Municipal Corporations § 25—**

The zoning ordinance in question permitted the erection of "(S)chools,
institutions of an educational or philanthropic nature, public buildings."
*Held:* The doctrine of *ejusdem generis* does not apply, and the ordinance
permits the erection of a building by private owners to be used for a
United States Post Office.

APPEAL by protestors from *Mintz, J.,* holding the Courts of the Third
Judicial District, at Chambers in PITT on December 20, 1962.

This matter was heard upon the return on *writ of certiorari* direct-
ed to the Board of Adjustment of the City of Greenville. The record
discloses the following facts:

On November 2, 1962, the building inspector of Greenville, pur-
porting to act under Subsection 4, Section 7 of Appendix B of the
zoning ordinance, issued a permit to Morris Brody and Van C. Flem-
ing, Jr. to erect a building at 714 East Tenth Street between Charles
and Elm Streets to be leased to the United States Government for use
as a post office. Tenth Street divides the north and south campuses of
East Carolina College, and the area is zoned as a residential district.

Section 7 of Appendix B of the zoning ordinance of the City of
Greenville provides:

"(A) *Use regulations.* In the residence district no building of land shall be used and no building shall be hereafter erected or structurally altered, unless otherwise provided in this ordinance except for the following uses:

"(1)     One-family dwellings, two-family dwellings, multiple dwellings.

"(2)     Boardinghouses, lodginghouses, hotels not involving the conduct of any business other than for the sole convenience of the guests thereof.

"(3)     Clubs, excepting those the chief activity of which is a service customarily carried on as a business.

"(4)     Schools, institutions of an educational or philanthropic nature, public buildings.

"(5)     Churches, convents.

"(6)     Hospitals, clinics.

"(7)     Museums, art galleries, libraries, parks, playgrounds not conducted for profit.

"(8)     Farming, truck gardening, nurseries; provided, . . . (limitation omitted)

"(9)     Accessory buildings including one private garage . . . and also including one private stable when located not less than sixty feet from the front line of the lot and not less than five feet from any other lot line.

"(10)     Uses customarily incident to any of the above uses including home occupations such as dressmaking or the office of a physician, surgeon, dentist, musician or artist; provided, . . . (limitations omitted)

"(11)     Individual trailers . . . (limitation omitted)

Protestors objected to the issuance of the building permit and appealed to the Board of Adjustment as provided by the City Code. Upon the hearing they contended that the use of a building at 714 East Tenth Street for a post office substation would violate Subsection 4 of the quoted ordinance for that " '*public buildings*' mentioned in said section refer only to the character of public buildings expressly named and set out in said section, to-wit, 'institutions of an educational or philanthropic nature,' and by said reference limits the 'public buildings' to those institutions built and erected for philanthropic and educational purposes." The respondents denied that the wording *public buildings* limited the use of such buildings to educational and philan-

thropic institutions. They contended that the words were used in accordance with the ordinary definition of *public buildings.*

On November 29, 1962, the Board of Adjustment held that "the Greenville City Code provides that the use of the building determines the nature of the building"; that a building, as long as it is used as a post office would be a public building within the meaning of Subsection 4, Section 7, Appendix B, which did not limit public buildings to "(s)chools, institutions of an educational or philanthropic nature." The Board unanimously affirmed the issuance of the building permit.

Protestors applied to the Superior Court for a *writ of certiorari* which was granted. The matter was duly heard, and the judge affirmed all the findings of fact and conclusions of law of the Board of Adjustment upholding the issuance of the permit. Protestors excepted to the judgment and appealed.

*Fred T. Mattox, Albion Dunn for protestor, appellants..*

*James and Speight, W. H. Watson, and R. B. Lee for respondent, appellees.*

SHARP, J.  To interpret the zoning ordinance which governs this case we must determine whether the words *public buildings* in Subsection 4 are independent term in the series or are *ejusdem generis* with "schools, institutions of an educational or philanthropic nature." If they are the former, the building permit was properly issued; if the latter, it was not. A Board of Adjustment cannot amend an ordinance. *Lee v. Board of Adjustment,* 226 N.C. 107, 37 S.E. 2d 128, 168 A.L.R. 1.

In a narrow sense a public building is one owned and held by national, state, county, or municipal authorities for public use. In a broad sense it has been defined as a building which may be fairly deemed to promote a public purpose or to serve a public use, and the term does not necessarily imply ownership by a governmental unit or agency. 12 C.J.S. Building, p. 385. An acceptable definition appears in a syllabus by the Georgia Court in *Shepherd v. State,* 16 Ga. App. 248, 85 S.E. 83: "All buildings held, used, or controlled exclusively for public purposes by any department or branch of government, state, county or municipal, are public buildings; and this is true without reference to the ownership of the building or of the realty upon which it is situated."

A post office is a building used by the United States Government for the recipt, handling and delivery of mail and the transaction of other business in connection with the postal service. The postal system is for

the benefit of the whole public and a post office is, without any doubt, a public building.

The basic rule for the construction of ordinances is to ascertain and effectuate the intention of the municipal legislative body. This intention must be gleaned primarily from the language of the ordinance. 62 C.J.S., Municipal Corporations, Section 442(f) (1) (2). One of the aids in ascertaining the legislative intent is the doctrine of *ejusdem generis* which this Court applied in *Chambers v. Board of Adjustment*, 250 N.C. 194, 108 S.E. 2d 211, cited in appellants' brief. That case interpreted a Winston-Salem ordinance which required, as a condition for the construction of multi-family dwellings, "garage or other satisfactory automobile storage space" on the premises. This Court said: "It is a well-settled rule of construction, applicable to statutes and ordinances that under the doctrine *ejusdem generis*, when enumerations by specific words or terms are used, and they are followed by general words or terms, the general shall be held to refer to the same classification as the specific. . . . The term 'other automobile storage space,' following 'garage,' refers to something in the nature of a garage or of that classification." Indeed, it would be impossible to define "other satisfactory automobile storage space" without referring to the particular word "garage."

The *Chambers* case provides the perfect example of the application of the rule of *ejusdem generis*. The rule of *ejusdem generis* usually finds its application in a case where several classes of persons or things are enumerated, and then the provision for "other" things or persons follows. *City of Los Angeles v. Superior Court*, 2 Cal. 2d 138, 39 Pac. 2d 401. However, the provision for "other" things does not follow in the ordinance under consideration.

In an effort to ascertain the legislative intent both protestors and respondents have sought the aid of a distinguished grammarian and professor of English — the one at East Carolina College; the other at North Carolina State College. After analysing the punctuation and syntax of Section 7, both agreed that there is in the section "incontrovertible syntactical evidence that the subsection (4) is composed of three separate coordinate, and independent elements in a series." From then on, however, we encounter the not unusual disagreement among the experts. One says, "There is no evidence whatsoever that any one member of the series could in any way be construed as an appositive to any other member or any two other members of the series." The other, basing his opinion upon "grounds of sense and style in writing," says, "The term *public buildings* clearly has the connotation of buildings to be used for educational purposes since the

other members of the series concern buildings of an educational nature."

We note, however, that the first two members of the series of uses which Section 4 permits in a residential area, to-wit, schools, institutions of an educational or philanthropic nature, are not restricted by the adjective "public." Schools are both private and public and ordinarily philanthropic institutions connote private endowments and contributions. The third member of the series, *public buildings,* is a term which has a meaning of its own.

We hold that public buildings as used in the ordinance, is a special term which is not *ejusdem generis* with the first two members of the series, and that the permit to erect a building at 714 East Tenth Street to be used as a United States Post Office was properly issued.

Affirmed.