TYRIE ET AL. *v.* BALTIMORE COUNTY ET AL.

[No. 82, September Term, 1957.]

*Decided December 18, 1957.*

The cause was argued before BRUNE, C. J., and HENDER-
SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Lawrence E. Ensor* for the appellants.

*James H. Cook,* with whom were *John Grason Turnbull*
and *Turnbull & Brewster* on the brief, for the appellees.

HAMMOND, J., delivered the opinion of the Court.

In this case we must answer a narrow question of statutory
construction. In 1954 the County Commissioners of Balti-
more County began a rezoning of the entire County. In 1955,
after more than a year's study, new regulations that ampli-
fied and refined the zoning structure and, particularly the
granting of Special Exceptions, were adopted. The enabling
legislation and the rezoning process are discussed in *Huff
v. Board of Zoning Appeals,* 214 Md. 48. The existing pro-
vision that no new application for a change of zoning of the
same property could be filed for eighteen months from the
denial of reclassification [1] was replaced by a regulation that

---

1. Chapter 635 of the Laws of Maryland 1953, which repealed and
reenacted Sub-sec. (f) of Sec. 366 of the *Code of Public Local Laws
of Baltimore County* (1948 Edition) to add the following: "Upon a
denial of an application for reclassification of any property, no sub-
sequent application for reclassification of the same property shall
be filed by any applicant, either the same person or persons, firm
or corporation or another, until after eighteen months from the
final order denying the prior application."

for the same period of time forbade a new application for either reclassification or Special Exception "in any case which has been considered and acted upon". The question is whether an application for reclassification or Special Exception is now forbidden if the prior denial was of the other change of zoning, or whether only a prior denial of the same action that is newly sought is a bar.

In the 1955 regulations, Art. 5, *Administration and Enforcement,* Sec. 500.12, provides: "No new petition for reclassification or Special Exception shall be entertained by the Zoning Commissioner in any case which has been considered and acted upon by him until the expiration of 18 months from the date of his final Order thereon. Where an appeal is taken from any decision of the Zoning Commissioner to the Board of Zoning Appeals, the Zoning Commissioner shall not entertain any new petitions for reclassification or Special Exception until the expiration of 18 months from the date of the final Order of said Board of Zoning Appeals."

On January 14, 1955, the owners of a tract of land of some one hundred fifty acres at the northeast corner of York and Alms House Roads in Baltimore County filed a petition with the Zoning Commissioner to change the zoning of the property from its existing classification of "A" Residence to "G" Heavy Industrial. The Zoning Commissioner denied the petition on February 10, 1955. Although an appeal was noted, it was withdrawn before hearing, and the order of the Zoning Commissioner became final as of the date of its issuance: Thereafter, the private corporate appellee bought the property and on April 27, 1956, filed with the Zoning Commissioner a petition for a Special Exception to use it for a cemetery. The Zoning Commissioner granted the Special Exception on September 21, 1956, and the appellants appealed to the Board of Zoning Appeals, which affirmed the Zoning Commissioner. The Circuit Court for Baltimore County affirmed the Board. Before the Zoning Commissioner, the Board of Zoning Appeals, and the Circuit Court, the appellants urged vigorously that Sec. 500.12 of the Baltimore County Zoning Regulations barred consideration of, and action on, the petition for a Special Exception for a period

of eighteen months from February 10, 1955. Having been unsuccessful in all three instances, they urge the same contention upon this Court.

We have decided that the owner of property may be denied entirely, for the period of time stated in the ordinance, the right to seek again a special permit for a change of use. In *Nuova Realty Co. v. City of Balto.*, 197 Md. 266, it was held that such a provision in the Baltimore City ordinance went to the jurisdiction of the Board, and that, within the period specified, it was without power to act on a reapplication. The validity of the Baltimore County provision under consideration in this case was at least assumed in *Whittle v. Board of Zoning Appeals*, 211 Md. 36, 44, 45. The parties have agreed here, as well as throughout the progress of the case below, that the sole question on the issue of the applicability of the regulation is whether Sec. 500.12 bars consideration of, and action on, a Special Exception where, within eighteen months, there has been a denial of reclassification, and we have addressed ourselves to that issue only.

The trial court read Sec. 500.12 as meaning that the adjective "new" applied to "Special Exception" as well as to "reclassification", and so concluded that for a petition for a Special Exception to be new, there must have been a prior or old petition for a Special Exception if consideration were to be barred. In effect, he decided that a prior denial of a Special Exception within eighteen months barred action on a new application for a Special Exception, and a denial of reclassification barred action on a new petition for reclassification, but that there was no cross-bar, so to speak. It is not easy to determine the precise legislative intent from a reading of the regulation. The first sentence permits the inference drawn by the trial court, although it also permits the opposite inference. The second sentence would seem to indicate that any prior action as to a particular property would bar any application of either kind within the specified period because of the language, that if an appeal is taken from "any decision" of the Zoning Commissioner, there shall not be entertained "any new petitions for reclassification or Special Exception" for eighteen months.

In determining the legislative intent we must consider the tests which have been set up to aid proper reading in doubtful cases. These include not only consideration of the literal or usual meanings of the words used but their meaning and effect considered in the light of the setting, the purposes of the enactment, the ends to be accomplished, and the consequences that may result from one meaning rather than another. *Scherr v. Braun,* 211 Md. 553, 561. In Baltimore County a Special Exception is available now in varying situations. Some uses are permitted only by Special Exception and may be granted in any zone, as, for example, controlled excavations where explosives are used, or wireless transmitting and receiving structures. Other uses are permitted only by the granting of a Special Exception, but this grant is limited to certain zones and prohibited in others. Examples of this are filling stations, which are prohibited in all residential zones but may be granted by a Special Exception in business or manufacturing zones; and cemeteries, which are prohibited in areas zoned Residence, group, Residence, apartment, Business, local, and Business, major, but are permitted under a Special Exception in all other areas. Other uses may be forbidden in some zones, permissible in other zones, and granted by Special Exception in still others, as, for example, tea rooms, funeral homes, radio studios, theatres and volunteer fire companies.

It is obvious then that as to a particular tract of land the right to the same uses may be obtained, in many instances, either by a reclassification or the granting of a Special Exception. In other instances, if a particular use is to be achieved, it may be necessary to have the lot in question rezoned and also to obtain a Special Exception. This is true if a filling station is to be erected on land not zoned Business, local, or lower. The appellee urges that to construe the regulation other than as the lower court construed it, would require the owner of a residential property in a neighborhood where business was expanding rapidly, who sought reclassification of his property to Business, local, so that he could use his land for a filling station, first to seek rezoning and then to wait eighteen months after the final order of reclassifica-

tion before filing a petition for a Special Exception for a filling station, or for some other use in the same category. The answer to this seems obvious. There is nothing to prevent the owner of such property from petitioning for a reclassification and a Special Exception at the same time and, indeed, we were told at the argument that that is the standard practice in such cases.

The background and setting in which Sec. 500.12 was adopted, its purposes and the consequences of not applying it to both reclassification and the granting of a Special Exception, regardless of which had been previously denied, would seem to be these: When Sec. 500.12 was adopted the zoning status of all properties in the County had just been, or was about to be, reviewed and either kept as it was or changed in the new zoning plan as the facts currently justified. The belief of the zoning authorities, undoubtedly, was, as the presumption of law is, that the new zoning was correct and reasonably permanent. Such changes as conditions from time to time warranted could be effected either by reclassification or by Special Exception or by both. It is difficult to believe that it was contemplated or intended that if, in a proceeding to change its status, a property was adjudged to be rightly zoned, that a different result could be achieved immediately by a new application in a different form. Rather, we think, was intended a period of repose of eighteen months before any change would be permitted, whether sought to be effected by reclassification or Special Exception. If Sec. 500.12 is not so interpreted, in many, if not most instances, a second effort to lower the zoning of the property involved would merely invoke a different procedure to seek a substantially identical result.

It has been suggested that since eighteen months from February 10, 1955, had elapsed by the time the case reached this Court for decision, the matter was moot and the appeal should be dismissed. We cannot agree because the provisions of Sec. 500.12, read as we read them, go to the jurisdiction of the Zoning Commissioner. His power to act is only such as the legislative body has given him, and under the regulation he lacked jurisdiction at the time he acted, so that

142

his act was a nullity. *Nuova Realty Co. v. City of Balto.*, and *Scherr v. Braun,* both *supra.* Therefore, the zoning of the property remains residential. We are told that the private corporate appellee no longer owns the property, and it is uncertain what use the new owner desires to make of it. The matter is not moot for the reasons we have given and the order of the Circuit Court for Baltimore County must be reversed.

*Order reversed, appellants to pay the costs.*