LILLIE C. CLARK v. CITY OF CHARLOTTE, a MUNICIPAL CORPORATION, DAVID BERRYHILL, CHARLIE DANNELLY, HARVEY GANTT, LAURA FRECH, RON LEEPER, RALPH McMILLAN, PAMELA PATTERSON, EDWIN PEACOCK, JR., GEORGE SELDEN, JR., HERBERT SPAUGH, JR., MINETTE TROSCH, AND ROBERT YOUNG

No. 8226SC1349

(Filed 7 February 1984)

**Municipal Corporations § 30.20— prohibition of second petition within certain time**

　　Under the Charlotte Zoning Ordinance, a landowner is barred from petitioning the Charlotte City Council a second time for the same or a higher zoning classification within two years from the first denial absent a showing of substantial changes in conditions or circumstances.

APPEAL by plaintiff from *Snepp, Judge.* Judgment entered 28 September 1982 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 17 November 1983.

*Newitt, Bruny & Koch, by John G. Newitt, Jr., for plaintiff appellant.*

*Assistant City Attorney David M. Smith, for defendant appellees.*

BECTON, Judge.

I

We are asked to decide whether the trial court erred in affirming the Charlotte-Mecklenburg Planning Commission's interpretation of the procedural provisions of the Charlotte Zoning Ordinance, to prohibit a landowner from filing a second petition to amend the zoning classification within two years from a denial of the first petition. We affirm.

II

On 25 January 1982, plaintiff, Lillie C. Clark, owner of a 2.38 acre tract zoned R-9MF (multi-family residential district) first filed a petition with the Commission to lower the zoning classification to B-D(CD) (distributive-warehouse). Clark, at the time, intended to build a mini-warehouse. After the public hearing on the petition on 15 March 1982, but before the City Council finally

denied the petition on 19 April 1982, Clark's real estate agent, Cecil King, began negotiations to sell the land for use as a family steakhouse. King met with a Commission member to discuss submitting a second petition for the now needed B-1(CD) (business) zoning classification, a higher classification than in the original petition. The Commission member informed King that the procedural provisions of the zoning ordinance barred the Commission from accepting a second petition for the same or higher classification within two years from the first denial absent a showing of substantial changes in conditions or circumstances. On 24 May 1982, Clark requested permission from the City Council to file a second petition without a showing of substantial changes in conditions or circumstances. When the City Council failed to respond, Clark brought this declaratory judgment action seeking a mandatory injunction.

From the trial court's decision in favor of the City, Clark appeals.

### III

The Commission complied with the procedural provisions of the Charlotte Zoning Ordinance in refusing to consider Clark's second petition. The following provisions of the Charlotte Zoning Ordinance govern the Commission's actions in the present case:

(a) The city council may from time to time, on its own motion or on petition, after public notice and hearing as provided by law, amend, supplement or change, modify or repeal the boundaries or regulations herein or subsequently established. *The city council may change the existing zoning classification of the area covered by the petition, or any part or parts thereof, to the classification requested or to a higher classification or classifications without the necessity of withdrawal or modification of the petition;* provided, however, notices of hearings on such amendments shall inform the public that such action may be taken.

(b) A petitioner may amend or withdraw his petition only with the approval of the city council. Requests for permission to amend or withdraw petitions for rezoning must be filed with the city council prior to the date established for the public hearing.

. . . .

(d) A petition for an amendment that has been denied shall not be again instituted earlier than two (2) years from the date of denial, unless the city council, after considering the advice of the planning commission, shall find that there have been substantial changes in conditions or circumstances bearing on the application.

Charlotte, N.C., Code § 23-96 (1977) (emphasis added).

Generally, municipal ordinances and statutes enacted by the legislature are to be construed according to the same rules. *MacPherson v. City of Asheville*, 283 N.C. 299, 196 S.E. 2d 200 (1973). "The basic rule is to ascertain and effectuate the intention of the municipal legislative body. [Citations omitted.] We must therefore consider this section of the ordinance as a whole, [citations omitted]; and the provisions *in pari materia* must be construed together." *George v. Town of Edenton*, 294 N.C. 679, 684, 242 S.E. 2d 877, 880 (1978).

Construing the above provisions, we hold that a landowner is barred from petitioning the Charlotte City Council a second time for the same or higher zoning classification within two years from the first denial absent a showing of substantial changes in conditions or circumstances.

Section 23-96 grants the City Council broad powers to respond to Charlotte's changing needs precipitated by its growth and development. *See generally* 8 E. McQuillin, *The Law of Municipal Corporations* § 25.73, at 207-08 (3d ed. 1983). Pursuant to section 23-96(a), the City Council has the authority to amend a zoning classification on its own motion or on petition. If on petition, the council has the discretion to amend the zoning classification to one *higher* than one requested in the petition without withdrawing or modifying the petition. On petition the Council has no discretion to amend to a lower classification than requested.

Section 23-96(d), the waiting period provision, must be read in light of section 23-96(a). *George.* Therefore, denial of a petition reflects the City Council's consideration of the particular zoning classification requested and all higher classifications. Implicit

within a denial is the City Council's decision that the property's present classification represents its highest proper use at this time. *See Tyrie v. Baltimore County,* 215 Md. 135, 137 A. 2d 156 (1957). The waiting period provision permits the City to grow and develop before the City Council reconsiders the classification. Moreover, the waiting period seems to be designed to protect the residents of the area from "the burden of having to protest and defend against a series of repetitious applications." *George,* 294 N.C. at 686, 242 S.E. 2d at 882 (quoting *Stephens v. Montgomery County Council,* 248 Md. 256, 258, 235 A. 2d 701, 702 (1967)). Our construction of sections 23-96(a) and (d) supports these dual purposes. In light of the intention of the Charlotte City Council, we conclude that the Commission properly interpreted the procedural provisions of the Charlotte Zoning Ordinance.

The trial court's decision is

Affirmed.

Judges HEDRICK and WHICHARD concur.