JOHN GRAHAM, HILL POWELL, A. L. GOODWIN, AND MARK HOLZAPFEL v. THE CITY OF RALEIGH, MAMIE T. STEVENS, CHARLES A. STEVENS, JOHN D. LYON, BARBARA H. LYON, AND MAX O. BARBOUR

No. 8110SC616

(Filed 15 December 1981)

1. **Municipal Corporations § 30.3— zoning procedures—no requirement to make findings in support of purposes**

   A zoning ordinance will be declared invalid only where the record demonstrates that it has no foundation in reason and bears no substantial relation to the public health, the public morals, the public safety or the public welfare in its proper sense. It is not required that an amendment to a zoning ordinance accomplish or contribute specifically to the accomplishment of all of the purposes specified by a city's enabling act. Therefore, where the record demonstrates that a city council has reasonable grounds to believe that the rezoning of petitioners' property furthers one or more of the purposes for rezoning set forth in the enabling legislation, and plaintiffs fail to show the contrary, the zoning ordinance is presumed to be valid.

2. **Municipal Corporations § 30.22— rezoning—suitability for all permitted uses in new district**

   In a suit to determine the validity of a rezoning ordinance, consideration of the minutes of the several commissions and the City Council showed that the City Council, by inference at least, determined that the tracts and the existing circumstances justified the rezoning so as to permit all uses permissible in the new district, including residential uses.

3. **Municipal Corporations § 30.9— contract zoning—failure to prove**

   The plaintiffs failed to prove unlawful contract zoning was involved in the adoption of an ordinance where the record contained no representation by the petitioners as to their specific plans for development of the property.

4. **Municipal Corporations § 30.9— compliance with comprehensive plan**

   The action of the City Council in rezoning an area fell within the purview of the city's comprehensive plan. The questioned amendment to the plan served not merely the function of amending the zoning ordinance, but also enunced a change in the comprehensive plan itself, thus bringing about the necessary conformity or harmony between the amendment and the comprehensive plan.

APPEAL by the plaintiffs from *Preston, Judge.* Judgment entered 27 April 1981 in Superior Court, WAKE County. Heard in the Court of Appeals 18 September 1981.

This is a suit for a declaratory judgment to determine the validity of Ordinance No. 1980 551ZC73 of the City of Raleigh, wherein, it approved petition Z-53-80 as modified in accordance with the recommendation of the Law and Finance Committee. Petition Z-53-80 requested the rezoning of approximately 53.5 acres in north Raleigh extending northward on the west side of Six Forks Road from the intersection of such thoroughfare with Lynn Road. The petition requested the rezoning of 34.9 acres of such parcel to Office and Institution III District, 17.9 acres to Neighborhood Business District, and .7 acre to Conservation Buffer District.

Plaintiffs' complaint alleged that the rezoning authorized by the ordinance was invalid on the grounds that the rezoning was arbitrary and capricious; that the City Council failed to consider the general welfare of the citizens of the City of Raleigh in allowing the rezoning; that the rezoning was contrary to the enabling legislation; that the rezoning was in direct conflict with the comprehensive plan of the City of Raleigh; that the rezoning was in violation of the City of Raleigh's own zoning regulations; and that the rezoning constituted unlawful contract zoning and unlawful spot zoning.

On 1 July 1980 a public hearing with respect to petition Z-53-80 was held before Raleigh City Council and the Raleigh Planning Commission. Thereafter, the Planning Commission approved petition Z-53-80 but with the recommendation that the rezoning request be denied with respect to 7 acres of the 53.5 acre parcel and that 17.9 acres thereof be rezoned Office and Institution I, rather than Neighborhood Business District.

The City Council thereafter referred the petition to the Comprehensive Planning Committee and upon its report to the Council the petition was referred to the Law and Finance Committee.

The Law and Finance Committee approved petition Z-53-80 to include 16.7 acres zoned Office and Institution I District, 2.6 acres zoned Conservation Buffer District, and 11 acres zoned Office and Institution III District. It voted to deny rezoning the remaining

23.2 acres of Petitioners' property, which comprised the southern portion of the original 53.5 acre parcel. The City Council adopted an ordinance wherein it approved petition Z-53-80 in accordance with recommendations of the Law and Finance Committee.

From an order of the trial court granting defendants' motion for summary judgment and denying that of the plaintiffs, the plaintiffs appealed to this Court.

*Skvarla, Boles, Wyrick & From by Samuel T. Wyrick, III, and Robert A. Ponton, Jr., for the plaintiffs.*

*Poyner, Geraghty, Hartsfield & Townsend by David W. Long and Lacy H. Reaves for defendants Stevens and Barbour; Hunter, Wharton & Howell, by John V. Hunter, III, for defendants Stevens and Barbour; Thomas A. McCormick, Jr., for defendant City of Raleigh; Rich and Warren by John M. Rich for defendants Lyon.*

MARTIN (Robert M.), Judge.

This case involves a declaratory judgment action brought by the plaintiffs to determine the validity of Raleigh City Zoning Ordinance 80 551 ZC 73. It is settled law in North Carolina that such a zoning suit is a proper case for a declaratory judgment, and also that, in such a case, summary judgment may be entered when otherwise proper, upon motion of either plaintiff or defendant. *Blades v. City of Raleigh*, 280 N.C. 531, 187 S.E. 2d 35 (1972).

Here, as plaintiffs set forth in their brief, the material facts are not in issue. The controversy is as to the legal significance of those facts. It is, therefore, a proper case for summary judgment determining the validity of Ordinance (1980) 551ZC73. We hold that the ordinance is valid and affirm the judgment of the superior court so declaring.

[1] Plaintiffs contend the City of Raleigh violated its established zoning procedures in enacting the challenged ordinance. They contend there is no evidence in the record to support a finding by the Council that rezoning Parcel Z-53-80 promotes the health, morals, or welfare of the people of the City of Raleigh required by Raleigh's own procedures. The court may inquire into procedures followed by the board at the hearing before it and determine whether the ordinance was adopted in violation of required

procedures, or is arbitrary and without reasonable basis in view of the established circumstances. *Blades v. City of Raleigh, supra.*

The procedures established under the General Statutes, Raleigh City Charter, and Raleigh City Code provide the basis for a legislative, rather than a judicial determination on the part of the City Council. Zoning petitioners are not required to offer evidence nor is the legislative body required to make findings that the requested rezoning promotes the health, morals, or general welfare of the people of Raleigh. A zoning ordinance will be declared invalid only where the record demonstrates that it has no foundation in reason and bears no substantial relation to the public health, the public morals, the public safety or the public welfare in its proper sense. *Euclid v. Ambler Realty Co.,* 272 U.S. 365, 71 L.Ed. 303, 47 S.Ct. 114 (1926); *In re Appeal of Parker,* 214 N.C. 51, 197 S.E. 706 (1938). It is not required that an amendment to the zoning ordinance in question accomplish or contribute specifically to the accomplishment of all of the purposes specified in the enabling act. It is sufficient that the legislative body of the city had reasonable grounds upon which to conclude that one or more of those purposes would be accomplished or aided by the amending ordinance. The legislative body is charged with the primary duty and responsibility of determining whether its action is in the interest of the public health, safety, morals, or general welfare. *Schloss v. Jamison,* 262 N.C. 108, 136 S.E. 2d 691 (1964). When the action of the legislative body is reviewed by the courts, the latter are not free to substitute their opinion for that of the legislative body so long as there is some plausible basis for the conclusion reached by that body. *Zopfi v. City of Wilmington,* 273 N.C. 430, 160 S.E. 2d 325 (1968).

A duly adopted zoning ordinance is presumed to be valid. The burden is on the complaining party to show it to be invalid.

> When the most that can be said against such ordinances is that whether it was an unreasonable, arbitrary or unequal exercise of power is fairly debatable, the courts will not interfere. In such circumstances the settled rule seems to be that the court will not substitute its judgment for that of the legislative body charged with the primary duty and responsibility of determining whether its action is in the interest of the public health, safety, morals, or general welfare. (Citations omitted.)

*In re Appeal of Parker, supra* at 55, 197 S.E. 709.

Evidence adduced at the public hearings and minutes of the Council and its committees sufficiently document that the following considerations were before the Council and formed the basis for its adoption of the zoning ordinance:

> (1) The property which is the subject of the Zoning Ordinance is located in a section of Raleigh which has experienced considerable growth and change in recent years, and there exists a significant demand for additional Office and Institution District zoning in such area.

> (2) Such property has a narrow and elongated configuration and is enclosed within Lynn and Six Forks Road, which buffer it from nearby residential neighborhoods.

> (3) With respect to traffic flow and considerations of safety, Petitioners' property can be best developed as rezoned in the Zoning Ordinance, rather than as originally zoned Residential 4 District.

> (4) In view of its specific location, geographical configuration, and other factors, such property could not be satisfactorily developed under its former Residential 4 zoning classification.

The record clearly establishes that the arguments offered on behalf of the petitioners in support of the petition complied with the city code. Those presenting the arguments discussed the need to rezone the property in accordance with the nodal concept of development of Raleigh's comprehensive plan. They argued that changed conditions in the immediate area of such property supported the rezoning. Moreover, the record includes in addition to the transcripts of a public hearing, nine meetings of the city council and Planning Commission, or their committees, at which the rezoning of the petitioners' property was discussed. Such transcripts demonstrate clearly that the circumstances and conditions concerning the questioned zone changes were peculiarly within the knowledge of the city council and that they considered all permissible uses available in the Office and Institution I and III Districts in enacting the questioned ordinance.

The record demonstrates that the city council had reasonable grounds to believe that the rezoning of petitioners' property fur-

thered one or more of the purposes for rezoning set forth in the enabling legislation. Plaintiffs failed to carry the burden of showing to the contrary.

[2] Plaintiffs argue there is no evidence in the record of such property's suitability for the residential uses available in Office and Institution I Districts. The legislative body of a municipality cannot rely exclusively on specific representations by the proponents with respect to the property's intended use. The circumstances must be such that the property should be made available for all uses permitted in the new zoning district. *Blades v. City of Raleigh, supra; Allred v. City of Raleigh,* 277 N.C. 530, 178 S.E. 2d 432 (1971).

The record shows that at the public hearing on July 1, 1980, an opponent of the rezoning cited the suitability of the subject property for existing residential use. Residential development of the property was also discussed by one of the plaintiffs at the meeting of the Planning Commission on August 25, 1980, and was the subject of a petition read at a meeting of the City Council on September 2, 1981. At the meeting of the Comprehensive Planning Committee of the City Council on September 10, many potential uses of the subject property were discussed, and a City Planner specifically noted a recommendation that petitioners' property be developed for "high density or multi-family" residential use. High density residential use of the property was also discussed at the meeting of the City Council on September 16, 1980. In addition, plaintiffs' attorney noted that the petitioners' property was suitable for "low density, multifamily use" at the meeting of the Law and Finance Committee of the City Council on September 23, 1980. At most, the arguments were conflicting as to whether the property was suitable for all uses permitted under the challenged zoning ordinance. Consideration of the minutes of the several commissions and the City Council show that the City Council, by inference at least, determined that the aforementioned tracts and the existing circumstances justified the rezoning so as to permit all uses permissible in the Office and Institution I and III Districts.

[3] Plaintiffs contend the rezoning of Parcel Z-53-80 constitutes contract zoning. They contend the Council relied on the promises of the developer that the property would be developed in a carefully conceived plan. In Allred, *supra,* the Court declared in-

Graham v. City of Raleigh

valid a rezoning based upon the proponent's specific representation to the City Council that he would construct "luxury apartments . . . in twin high-rise towers" upon the rezoned property. Similarly, in *Blades v. City of Raleigh, supra,* the City Council acted upon the specific undertaking of the petitioner at the public hearing to build twenty "high class high rental townhome apartments" upon his property, and the rezoning was overturned. We fail to find in the record in the case before us any representation by the petitioners as to their specific plans for development of the subject property. There was no unlawful contract zoning involved in the adopting of the challenged ordinance.

[4] Finally, plaintiffs contend that rezoning of Parcel Z-53-80 is not in compliance with the Comprehensive Plan — City of Raleigh. The plan was adopted by the City Council in 1979 and is a general statement of policy which together with Raleigh's zoning procedures and regulations comprise the City's "Comprehensive Plan" for rezoning. The resolution of the Council in adopting the plan provides in Sections 3 and 4:

> [T]he elements of the comprehensive plan are adopted as the general policy of the city council . . . [T]he items included in the adopted plan are to be interpreted to represent the general character . . . of future City actions and are preempted by specific . . . ordinances and other specific actions taken by the city council.

Resolution No. (1979) 949, The Comprehensive Plan, City of Raleigh.

> Unquestionably, [a city's legislative body] has authority to rezone property when reasonably necessary to do so in the interest of the public health, the public safety, the public morals or the public welfare. Ordinarily, the only limitation upon this legislative authority is that it may not be exercised arbitrarily or capriciously. (Citation omitted.)

*Allred v. City of Raleigh,* 277 N.C. 530, 545, 178 S.E. 2d 432, 440 (1971); N.C. Gen. Stat. § 160A-383.

By necessity, a comprehensive plan must undergo changes. If any zoning plan is to be comprehensive, it must be kept up to date. It would become obsolete if the council refused to recognize the changing conditions in the community. From the minutes of

the council and its committees it appears the council considered the rezoning to be a logical extension of the commercial nodes or focus area at the intersection of Six Forks and Newton Roads identified in the plan adopted by the City Council in 1979.

In furtherance of the goals of the plan the zoning ordinance serves to more clearly define the boundaries of the Six Forks-Newton Road and Six Forks-Millbrook Road focus areas and to buffer residential uses from commercial nodes. The minutes of the council and its committee demonstrates that the subject property is located in a section of Raleigh which has experienced considerable growth and change in recent years and there exists a significant demand for additional office and institution districts zoning in such area.

The 1979 Resolution of the City Council adopting a comprehensive plan, resolved in Section 2 "[t]hat the Comprehensive Plan may be revised, amended or supplemented at any time as provided by law" and in Section 3 "[t]hat the elements of the Comprehensive Plan are adopted as the general policy of the City Council to be used as a guide for developing capital improvements, budgets, ordinances, and operating procedures to accomplish the plan."

Thus, the City recognized that the function of the comprehensive plan does not contemplate or require a plan which rigidly provides for or attempts to answer in minute detail every possible question regarding land utilization or restrictions or attempts to fix a zoning map in a rigid and immutable mold, but rather the plan sets out general guidelines for the guidance of zoning policy. Annot., 40 A.L.R. 3d 372 (1971). The questioned amendment serves not merely the functions of amending the zoning ordinance, but also enunces a change in the comprehensive plan itself, thus bringing about the necessary conformity or harmony between the amendment and the comprehensive plan.

We think there existed sufficient change in conditions which the Council could properly take into account in amending the zoning ordinance to meet the developing needs of the community. Undoubtedly, the action of the Council in rezoning the instant area falls within the purview of the comprehensive plan.

The record demonstrates that the plan, as well as such procedures and regulations, were afforded careful consideration dur-

ing the deliberations which resulted in enactment of the ordinance. We hold that the ordinance was adopted in accordance with a comprehensive plan as required by G.S. 160A-383 and the City Charter.

The Order of the trial court granting defendants' motion for summary judgment should be sustained.

Affirmed.

Judges MARTIN (Harry C.) and BECTON concur.