CARL V. NELSON AND WIFE, JANET P. NELSON, MRS. GERALDINE S. BASS, HAROLD J. GREEN, MRS. FRANCES T. BENNETT, GEORGE W. FOX AND WIFE, SALLY M. FOX v. CITY OF BURLINGTON, NORTH CAROLINA; AND DR. KEN L. KETCHUM, DAVID L. MAYNARD, KATHRYN O'D. HYKES, CAROLINE ANSBACHER, AND WILLIAM H. LASHLEY, MEMBERS OF THE BURLINGTON CITY COUNCIL; AND WINFIELD A. SCOTT, EQUICAP PROPERTIES, INC., OWNER-APPLICANTS

No. 8515SC702

(Filed 15 April 1986)

1. Municipal Corporations § 30.9— rezoning of one lot—no arbitrary or capricious action

A city council's rezoning of a lot from single family and multi-family residential classifications to a general business district classification was not unreasonable, arbitrary or capricious in light of the prevalence of general business zoning in the immediate vicinity of the lot in question.

2. Municipal Corporations § 30.20— denial of rezoning petition—reconsideration upon city council's own motion—no 12 month waiting period

There was no merit to plaintiffs' contention that rezoning of defendant's lot was invalid because the City Council could not reconsider defendant's rezoning petition within 12 months of the original denial, since the zoning ordinance in question did not impose a time limit within which the city council could, upon its own motion, reconsider a previously rejected petition.

3. Municipal Corporations § 30.9— rezoning of one lot—uses of property—summary judgment improper

In an action for an adjudication that defendant city's rezoning of defendant's lot from single family and multi-family residential classifications to a general business district classification was invalid, the trial court erred in entering summary judgment for all defendants where there was sufficient evidence that defendant city council relied on the assurances of defendant business that it would use the property in a certain way rather than making a determination that all uses under the general business district classification were permissible and where there was no evidence that the area was unsuitable for development for uses permissible under the original residential classifications.

APPEAL by the plaintiffs from *Williams (Fred J.), Judge.* Judgment entered 14 March 1985 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 3 December 1985.

The plaintiffs appeal an order of the superior court granting summary judgment in favor of all defendants. The plaintiffs instituted this action seeking an adjudication that rezoning by the defendants City of Burlington and the Burlington City Council of the defendant Equicap's property was invalid.

Evidence at the City Council meeting revealed the following. Equicap's property, Lot 41, is on the south side of Church Street in Burlington on the edge of a neighborhood zoned almost exclusively R-15. Most of the property on the north side of Church Street is zoned B-2. On 18 May 1984 the defendant Equicap filed an application with the City of Burlington to rezone the lot from R-15, Single-family Residential, and MF-A, Multi-family Residential, to B-2, General Business District. At that time Equicap also submitted a request for a special use permit to develop a "unified business development," or shopping center, on Lot 41. These applications were withdrawn. On 17 August 1984 Equicap resubmitted identical applications. The Burlington Planning and Zoning Commission recommended denial of these requests. The Burlington City Council voted on 2 October 1984 to deny Equicap's proposals.

On 6 December 1984 articles began appearing in the Burlington newspaper concerning Equicap's intention to use a portion of Lot 41, still zoned Multi-family Residential, as the site for a low-income, government-subsidized housing project. Several area residents organized in opposition to this plan, stating that they preferred a shopping center to government-subsidized housing in their neighborhood.

After a public meeting the City Council voted on 28 January 1985 to rezone Lot 41 to B-2, General Business District. The plaintiffs began this action in superior court challenging the validity of the City Council's action. The trial court considered the evidence submitted at the City Council meeting and granted summary judgment in favor of all defendants. The plaintiffs appealed.

*Gabriel, Berry, Weston & Weeks, by M. Douglas Berry, for plaintiff appellants.*

*City Attorney Robert M. Ward and Assistant City Attorney Robert H. Smith, for defendant appellees City of Burlington and Members of the Burlington City Council.*

*Schoffner, Moseley & Scott, by W. Phillip Moseley, for defendant appellee Equicap Properties, Inc.*

WEBB, Judge.

The plaintiffs first argue that the action of the Burlington City Council was not in accordance with the City's Comprehensive Land Use Plan and is therefore invalid. We cannot agree.

G.S. 153A-341 states in pertinent part:

> Zoning regulations shall be made in accordance with a comprehensive plan. . . . The regulations shall be made with reasonable consideration as to, among other things, the character of the district and its peculiar suitability for particular uses, and with a view to conserving the value of buildings and encouraging the most appropriate use of land throughout the county.

"By necessity, a comprehensive plan must undergo changes. If any zoning plan is to be comprehensive, it must be kept up to date." *Graham v. City of Raleigh*, 55 N.C. App. 107, 113, 284 S.E. 2d 742, 746 (1981), *disc. rev. denied*, 305 N.C. 299, 290 S.E. 2d 702 (1982). For that reason, it is well-settled that a city's legislative body has authority to rezone when reasonably necessary in the interests of the public health, safety, morals or general welfare. Ordinarily the only limitation upon this authority is that it may not be exercised arbitrarily or capriciously. *Allred v. City of Raleigh*, 277 N.C. 530, 178 S.E. 2d 432 (1971).

[1] In the present case it is clear from the minutes of the 28 January meeting that the Council amended the City's comprehensive plan to bring about the necessary conformity between the amended zoning ordinance and the comprehensive plan. The only remaining question is whether the Council acted unreasonably, arbitrarily or capriciously in rezoning Lot 41.

A duly adopted rezoning ordinance is presumed to be valid and the burden is upon the plaintiff to establish its invalidity. *Graham, supra.*

> When the most that can be said against [a] zoning ordinance is that whether it was an unreasonable, arbitrary or unequal exercise of power is fairly debatable the courts will not interfere . . . . It is sufficient that the legislative body of the city had reasonable ground upon which to conclude that one or more of the purposes [of the comprehensive plan] would be accomplished or aided by the amending ordinance. When the action of the legislative body is reviewed by the courts, the latter are not free to substitute their opinion for that of the legislative body so long as there is some plausible basis for the conclusion reached by that body.

*Zopfi v. City of Wilmington,* 273 N.C. 430, 436-437, 160 S.E. 2d 325, 332 (1968). (Citations omitted.)

In the present case the record reflects that before Lot 41 was rezoned there was a small area zoned B-2 on the south side of Church Street and that the majority of the property directly across the street was also zoned B-2. In light of the prevalence of B-2 zoning in the immediate vicinity of Lot 41 we cannot say that the City Council's action in rezoning the lot was arbitrary, capricious or without some plausible basis.

[2] The plaintiffs next argue that the rezoning is invalid because under *George v. Town of Edenton,* 294 N.C. 679, 242 S.E. 2d 877 (1978), the City Council could not reconsider Equicap's rezoning petition within 12 months of the original denial. We disagree.

In the *George* case the Court interpreted the following ordinance:

14-1  Who May Petition

> A petition for a zoning amendment may be initiated by the Town Council, the Planning Board, any department or agency of the Town, or the owner or renter of any property within the zoning jurisdiction of the Town of Edenton.
>
> . . . .

Nelson v. City of Burlington

14-8 Reconsideration

> When the Town Board shall have denied any application for the change of any zoning district, it shall not thereafter accept any other application for the same change of zoning amendment affecting the same property, or any portion thereof, until the expiration of six (6) months from the date of such previous denial.

The Supreme Court held that the Edenton Town Council violated this ordinance when it reconsidered within 6 months a proposed zoning change it had earlier denied. The Court found that the language "accepting any other application for the same change of zoning amendment" included reconsideration upon the Council's own motion as well as upon applications submitted by others entitled to petition for rezoning.

The ordinance in the present case provides in pertinent part:

Section 32.19:    Changes and Amendments to the Burlington City Zoning Ordinance

    A. City Council: The City Council may, on its own motion, amend, supplement, or repeal any of the districts or regulations herein established.

    B. Planning Board: The Planning Board may on its own motion recommend to the City Council changes and amendments to any of the districts or regulations herein established.

    C. Other Citizens: Owners or optionees of property which they wish to have rezoned and other citizens wishing changes in this Ordinance may petition to the City Council for such change, in accordance with the following procedure:

       . . . .

       3. Time Limit Between Requests: No petition requesting substantially the same change whether filed by a same or a different petitioner or petitioners shall be considered within a period of 12 months, unless the facts and circumstances applying to such case have substantially changed.

It is clear from this language that the 12 month time limit within which one may not submit substantially the same rezoning petition was intended to apply only to applications made by "other citizens" but not to those submitted by the Planning Board or considered upon the City Council's own motion. We believe it would be illogical to extend the reasoning of the *George* case to include a situation in which the ordinance itself imposes no time limit within which the City Council may upon its own motion reconsider a previously rejected petition. We decline to do so.

By their third assignment of error the plaintiffs argue that the City Council's action is invalid because Roberts Rules of Order were not followed at the 18 December 1984 meeting at which the Council voted to reconsider its previous denial of Equicap's petition. The plaintiffs have cited no authority, and we know of none, which requires that City Council meetings, to be valid, must be conducted in accordance with those rules.

[3] Finally, the plaintiffs argue that the action of the City Council constituted contract zoning and is invalid.

In *Allred v. City of Raleigh, supra,* and *Blades v. City of Raleigh,* 280 N.C. 531, 187 S.E. 2d 35 (1972), our Supreme Court held that if a city council does not make a determination that the existing circumstances justify rezoning so as to permit within the rezoned area all uses permissible under the classification but relies instead upon assurances that the applicant will make a specific use of the property, this is an invalid exercise of the city's legislative power. In determining in those cases that the rezoning was not proper one factor the Court considered was the lack of any evidence that the property was not suitable for use in the manner for which it was zoned before the proposed change.

We hold that there was sufficient evidence that the City Council relied on the assurances of Equicap that it would use the property in a certain way rather than making a determination that all uses under B-2 were permissible and that therefore summary judgment was improper. There was evidence that some of the neighbors changed their positions so that a shopping center instead of government-subsidized housing would be built in the area. Discussion at the City Council meeting centered almost entirely around whether a shopping center was proper for this location. Most importantly, the notice of that meeting published in

the newspaper stated that the question of rezoning would be whether to change to "B-2, General Business District, as shown in the photograph below." Immediately below the announcement was a picture of the proposed shopping center. Evidence that the Council determined that the area was suitable for all uses permissible in the B-2 classification is found in the testimony of Mr. Connor, the City Planner, and the fact that part of the surrounding area is zoned B-2. There was no evidence that the area was unsuitable for development for uses permissible under the original R-15 and MF-A classifications. The court should have made findings of fact on this disputed evidence rather than deciding the matter by summary judgment. *See Zopfi v. Wilmington, supra.*

Reversed and remanded.

Judges BECTON and COZORT concur.